WILLIAM BARKER, AS ADMINISTRATOR, ETC., OF SMITH BARKER, DECEASED, APPELLANT, *v.* NEWTON W. HOFF, TRUSTEE OF THE ESTATE OF JOHN PENTZ, DECEASED, RESPONDENT.

*Maxim pari delicto potior est conditio defendentis — when applicable.*

When one of two wrong-doers seeks an advantage arising from, or the benefit of an unlawful combination, the defendant's position is the better; but this rule does not apply where the plaintiff makes no demand upon, and the claim in question does not grow out of the unlawful transaction, and such transaction furnishes him with no claim, benefit or advantage.

APPEAL by the plaintiff from a judgment at Special Term dismissing the complaint upon the pleadings.

The action was brought to recover for commissions and expenses earned and incurred by Smith Barker, the plaintiff's intestate, as trustee of the estate of John Pentz, deceased.

The answer set up an account stated, made and rendered by the plaintiff, and full and complete payment and satisfaction.

The plaintiff replied, alleging that, at the request of the defendant, and to induce one Sylvanus Townsend to consent to act as trustee of the estate of John Pentz, he made up and signed the statement of account set up in the answer, but that it was made not as a final settlement, but to show to said Townsend in order to induce him to act as trustee, and that it was then agreed that as soon as a trustee should be appointed a full accounting should be had. The court dismissed the complaint upon the pleadings.

*Rowan & Helm*, for the appellant. The pleadings raised a question of fact to be tried by the court. To be an account stated, it must be between the parties. (1 Story Eq., § 526; 2 Greenl. on Ev., § 126, and cases cited; *Bloodgood* v. *Brown*, 8 N. Y., 362; *Lockwood* v. *Thorn et al.*, 18 id., 285; *Breckon* v. *Smith*, 1 Ad. & Ell.; *Evans* v. *Verity*, Reg. & M., 239.) It is not an estoppel. (*Hutchinson* v. *Market Bank*, 48 Barb., 302.) An admission of the account is not conclusive, but any error may be shown and corrected under the general issue. (2 Greenl. on Ev., 119, § 128; *Holmes* v. *De Camp*, 1 Johns., 36; *Bates* v. *Townley*, 2 Exch., 152; 12 Jur., 606.)

*George Hill*, for the respondent. The plaintiff is, on his own showing, "*in pari delicto*," and the maxim "*in pari delicto potior est conditio defendentis*," will apply with full force to the plaintiff in the case at bar. (Broom's Maxims [6th ed.], 702; id., 710; *People* v. *Burden*, 9 Barb., 467–470; *Winter* v. *Sadler*, 3 Johns., 185; *Hawks* v. *Munger*, 2 Hill, 200; *Dezell* v. *Odell*, 3 id., 221; *Pickard* v. *Sears*, 6 Ad. & Ell., 474.) Parol evidence, to contradict or vary a written instrument, is inadmissible. (*Buckley* v. *Bently*, 48 Barb., 283; *Renard* v. *Sampson*, 2 Kern., 561; 2 Phillips on Ev. [4th Am. ed.], 684; 1 Greenl. on Ev., § 275.) Evidence of the matters attempted to be set up in the reply would be properly rejected on the ground that they are facts which should

be set up in the complaint. (*Brown* v. *McCune*, 5 Sand., 224; *White, Rec.*, v. *Joy*, 11 How., 41; S. C., 13 N. Y., 83; 2 Van Sant. Eq. Pr., 166, 167; 1 Daniells' Ch. Pr., 347, 616; 1 Story's Eq. Jur., §§ 526, 527; Story's Eq. Pl., § 800; *Weed* v. *Smull*, 7 Paige, 573, by WALWORTH, Chancellor, in 1839; *Parkinson* v. *Hanbury*, 2 L. R. [House Lords], 1.) " Courts of equity will not open a settled account where it has been signed" (as in the case at bar) " or a security has been taken on the foot of it, unless for fraud or for errors distinctly specified in the bill and supported by evidence." (Story's Eq. Pl., § 800; *Lockwood* v. *Thorn*, 11 N. Y., 170; *Parkinson* v. *Hanbury, supra; Chappelaine* v. *Dechenaux*, 4 Cranch [S. C.], 306.)

BRADY, J. :

The defendant sets up as a defense an account stated, signed by the plaintiff as the administrator of Smith Barker deceased, which he avers was delivered to him and accepted and retained by him. The plaintiff replies that the account referred to was prepared at the request and with the assistance of the defendant for a specific purpose, namely, to induce Sylvanus Townsend to qualify as an executor and trustee of John Pentz, deceased; that the defendant dictated it; that it was not intended as a final settlement of the accounts between the estates, nor as an account stated, and that the defendant promised and agreed when the account was handed to him and as an inducement to the plaintiff to sign the certificate, that a full accounting should be had between the estates as soon as a trustee was appointed. It seems that Mr. Townsend refused to qualify " unless he could see a statement or account made up as to how said estate of John Pentz stood with the said Smith Barker or his estate." The reply contained no averment that the account thus signed was in any respect erroneous, but that it was made as stated upon the request of the defendant, and for a particular purpose. The complaint was dismissed and judgment rendered for the defendant on the pleadings. The learned justice at Special Term seems to have applied the principle *in pari delicto potior est conditio defendentis*, because the plaintiff united with the defendant to deceive a third party, namely, Mr. Townsend, by making an account which was apparently, but not actually, an adjustment of the exist-

ing accounts between the estates. The account thus prepared does not seem to have accomplished the purpose, Mr. Townsend not having qualified, and it does not appear in what way Mr. Townsend would have been injured or the plaintiff benefited, if Mr. Townsend had qualified as it was desired he should. It must have been a matter of little moment to the plaintiff who was appointed trustee in the absence of any evidence of collusion, to obtain payment of the claim he urged against the estate of Pentz, and a matter of little consequence to the trustee what was the condition of the accounts between the estates, except the labor which might be required if they were marked by complications. It appears also, for such is the allegation in the reply, that the qualification of Mr. Townsend was the wish of the defendant, and to gratify which the account was made up. This design having been disclosed, it was wrong in the plaintiff to have assented to the proposition of the defendant, but it did not in fact do wrong to Mr. Townsend because he did not qualify, and the plaintiff is not seeking to obtain from the defendant any benefit or advantage from the arrangement made in reference to Mr. Townsend, or to urge any claim or demand which was not reserved between him and the defendant, when that arrangement was made. The claim, in other words, does not grow out of that transaction or any thing connected with it in any way. It is an independent demand, if it exist at all, in favor of the estate of an intestate, and therefore the maxim applied does not govern it. When one of two wrong-doers seeks an advantage arising from, or the benefit of, the unlawful combination, the defendant's attitude is the better one, and the maxim quoted applies, but this is not such a case. The plaintiff makes no demand upon it, and it furnishes him with no claim, benefit or advantage. It imposes upon him in fact the burden of showing that the account of which it was a part, was not intended for what it appears to be, and in that way in effect gives the defendant the better position in reference to it. If it was not given as an account stated, the accounts are still open, and if it was, under the forms of pleading adopted and the allegations made, the plaintiff is remediless in this action. The issue presented as to the character of the account should for the reasons assigned have been tried. The defendant was not entitled to judgment on the pleadings therefore, and the order granting it was erroneous.

The judgment must be reversed but without costs to the appellant.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed without costs.